UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MANDEEP SINGH,
A-240-843-262,

              Petitioner,

    v.

WARDEN, et al.,

              Respondents.

No. 1:26-cv-00053-WBS-DMC

MEMORANDUM AND ORDER

----oo0oo----

Petitioner, a native and citizen of India who is being detained in this district by ICE, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1.) The parties agree that petitioner was detained by ICE pursuant to 8 U.S.C. § 1226(c) for committing an offense enumerated therein. The matter was referred to a United States Magistrate Judge pursuant to the local rules of this court.  On April 22, 2026, the assigned Magistrate Judge filed findings and recommendations recommending that the petition be granted.  (Docket No. 14.)  On

April 29, 2026, respondents filed objections to the findings and recommendations.  (Docket No. 15.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), the court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court adopts the Magistrate Judge's factual findings, but, for the following reasons, disagrees with the Magistrate Judge's recommendations and accordingly declines to adopt them.

The Magistrate Judge found that petitioner's re-detention violates the Due Process Clause because it appears to be indefinite.  As this court has previously explained, and as the Magistrate Judge observed, "[d]etermining whether prolonged immigration detention violates the Due Process Clause requires consideration of whether: (1) the petitioner's immigration proceedings have been infected with bad faith or undue delay by the agency; (2) the petitioner's detention is directly associated with a judicial review process that has a definite and evidently impending termination point, and is thus akin to detention during the administrative review process that was upheld by the Supreme Court; and (3) there is evidence that the petitioner is unremovable because the destination country will not accept him or his removal is barred by our own laws."  Uulu v. Warden, ---F. Supp. 3d ----, 2026 WL 412204, at *7 (E.D. Cal. Feb. 13, 2026) (citation modified).

In evaluating these factors, the Magistrate Judge concluded that petitioner's detention appears to be indefinite because he had been detained for over nine months, he had not

2

been issued a removal order, and his hearing before an immigration judge was delayed from May 4, 2026, to May 12, 2026, without explanation.  (See Docket No. 14 at 8.)  However, it is the petitioner who carries the burden of proof in federal habeas actions.  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).  Here, petitioner has put forth no evidence establishing that this delay was either "undue" or a result of "bad faith," Uulu, 2026 WL 412204, at *7.

It also does not follow from the fact that petitioner has yet to be ordered removed that his detention lacks a definite termination point.  To the contrary, the Supreme Court has made it clear that detention under 8 U.S.C. § 1226(c), by definition, "ha[s] a definite termination point," namely, the point at which petitioner is determined to be removable or non-removable. Demore v. Kim, 538 U.S. 510, 529 (2003); cf. also Zadvydas v. Davis, 533 U.S. 678, 697 (2001) ("[P]ost-removal-period detention, unlike detention pending a determination of removability . . ., has no obvious termination point." (emphasis added)).

Lastly, petitioner has not offered any evidence that he is "unremovable because the destination country will not accept him or his removal is barred by our own laws." Uulu, 2026 WL 412204, at *7.  Accordingly, petitioner has failed to meet his burden of showing the presence of any of the Uulu factors that might support a finding that his detention violates the Due Process Clause.

IT IS THEREFORE ORDERED that petitioner's petition for

3

habeas corpus (Docket No. 1) be, and the same hereby is, DENIED.

Dated:  May 5, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4